IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON BRENT SHAIFER,

     Plaintiff,                    Hon.
                                     Case No.:

v

CITY OF GARDEN CITY, a
Municipal Corporation, NICKLAS
WALLACE, in his individual capacity,
JOSHUA STANLEY, in his individual
capacity, RYAN KLEIN, in his individual
capacity, and STEVEN DANIELS, in his
individual capacity,

     Defendants.

_____

MICHAEL D. WEAVER (P43985)
FLOOD LAW, PLLC
Attorney for Plaintiff
155 W. Congress Street, Suite 350
Detroit, Michigan 48226
(313) 546-0359
mweaver@floodlaw.com

_____

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JASON BRENT SHAIFER, by and through his

counsel, FLOOD LAW, PLLC, and for his Complaint against the Defendants in

this civil action states as follows:

## Jurisdictional Averments

1.      At all material times hereto, Plaintiff, JASON BRENT SHAIFER (hereinafter "Shaifer"), was and is a citizen of the state of Michigan.

2.      At all material times hereto, Defendant, CITY OF GARDEN CITY (hereinafter "Garden City"), was and is a municipal corporation duly organized under the laws of the State of Michigan, with its principal place of business located at 6000 Middlebelt Rd., Garden City, Michigan.

3.      At all material times hereto, Defendant NICKLAS WALLACE (hereinafter "Wallace") was and is a citizen of the state of Michigan and was employed as a police officer with Defendant Garden City.  Defendant Wallace is being sued in his individual capacity.

4.      At all material times hereto, Defendant JOSHUA STANLEY (hereinafter "Stanley") was and is a citizen of the state of Michigan and was employed as a police officer with Defendant Garden City.  Defendant Stanley is being sued in his individual capacity.

5.      At all material times hereto, Defendant RYAN KLEIN (hereinafter "Klein") was and is a citizen of the state of Michigan and was employed as a police officer with Defendant Garden City.  Defendant Klein is being sued in his individual capacity.

2

6.     At all material times hereto, Defendant STEVEN DANIELS (hereinafter "Daniels") was and is a citizen of the state of Michigan and was employed as a police officer with Defendant Garden City.  Defendant Daniels is being sued in his individual capacity.

7.     This is an action for damages brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the statutory and common law of the state of Michigan against the individual defendants in their individual capacities, acting within the course and scope of their employment as police officers employed by the Garden City Police Department, a department of Defendant Garden City, under color of law, and the City of Garden City, a municipal corporation.

8.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as well as the pendent jurisdiction of this Court to adjudicate claims arising under Michigan law.

9.     Venue is proper in the United States District Court for the Eastern District of Michigan, as the situs of the incidents complained of herein occurred within the City of Garden City, located in Wayne County, Michigan.

### General Allegations

10.     Plaintiff realleges and incorporates herein by reference the preceding allegations as if fully set forth herein.

11.     On May 14, 2026, Plaintiff was involved in an altercation at the premises of Rattlesnake Auto, LLC, 31955 Block St., Garden City, Michigan 48135.

12.     The altercation in which Plaintiff was involved, and the events leading up to such altercation, were, for the most part, captured on video.

13.     Immediately following the altercation, Plaintiff left the Rattlesnake Auto, LLC, premises, parked in a nearby parking lot, and called 9-1-1 advising dispatch of the altercation and further advised of his location and that he was awaiting police response to his current location.

14.     Defendants Wallace and Stanley were dispatched to the premises of Rattlesnake Auto, LLC, while Defendant Klein was dispatched to Plaintiff's location.

15.     While speaking with and interviewing Plaintiff, Defendant Klein learned that in the altercation, Plaintiff was surrounded by four individuals, one of whom threatened Plaintiff with a crowbar, poked Plaintiff in the chest, and then struck Plaintiff with the crowbar.

16.     While speaking with and interviewing Plaintiff, Defendant Klein learned that in response to being surrounded, poked and struck by a crowbar,

4

Plaintiff attempted to exit the area, and in so doing, grabbed a hammer and struck the person with the crowbar to thwart the attack.

17. While speaking with and interviewing Plaintiff, Defendant Klein was able to assess the credibility of Plaintiff and corroborate evidence that substantiated Plaintiff's account of the altercation.

18. While Defendant Klein was speaking with Plaintiff, Defendants Wallace and Stanley interviewed four individuals located at the premises of Rattlesnake Auto, LLC, and further, reviewed video evidence that captured the incidents leading up to the altercation, as well as the initiation of the altercation.

19. Despite reviewing evidence that established that corroborated Plaintiff's account of the altercation, and specifically, that Plaintiff was acting in self-defense, Defendant Wallace called Defendant Klein and instructed Defendant Klein to place Plaintiff under arrest.

20. Defendant Klein, who neither objected to the instruction to place Plaintiff under arrest, nor advised Defendant Wallace of his assessment of the information and evidence learned from interviewing Plaintiff, did place Plaintiff under arrest.

21. After Plaintiff was under arrest, Defendant Stanley arrived at Plaintiff's location to transport Plaintiff to the Garden City Police Station.

22.     At no time during the interview or while Plaintiff was under arrest any of the Defendants advise Plaintiff of his Miranda rights.

23.     Subsequently, Defendant Wallace conducted additional interviews and authored a Police Report that was false and misleading and contrary to the evidence that he reviewed, for the sole purpose of establishing probable cause for the arrest and felony charges of Plaintiff, when, in fact, probable cause did not exist.

24.     Defendant Daniels assigned himself as the Detective on the matter and claimed to have reviewed all of the evidence in the police file, including the video evidence, and authored a Request for Warrant that contained false and misleading information and submitted such Request to the Wayne County Prosecutor's Office, solely for the purpose of establishing probable cause for the arrest and felony charges of Plaintiff, when such probable cause did not, in fact, exist.

25.     As a consequence of the Defendants' actions, the Wayne County Prosecutor charged Plaintiff with two felonies, to wit: Assault With Intent To Do Great Bodily Harm Less Than Murder Or By Strangulation, and Assault With A Dangerous Weapon (Felonious Assault).

26.     The felony charges levied against Plaintiff as a result of the Defendants' actions were dismissed for lack of probable cause at the date and

time set for a Preliminary Examination Hearing in the 21st Judicial District Court.

## COUNT I—CONSTITUTIONAL VIOLATIONS BY DEFENDANTS

27. Plaintiff realleges and incorporates herein by reference the preceding allegations as if fully set forth herein.

28. Defendants were under a legal obligation, secured by the United States Constitution, and particularly the Fourth, Fifth and Fourteenth Amendments thereto, to:

    a. refrain from unlawfully seizing and arresting Shaifer without probable cause as secured by the Fourth Amendment to the United States Constitution;

    b. refrain from violating Shaifer's liberty protected by the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which includes personal safety and bodily integrity, as well as protection from unreasonable seizure pursuant to the Fourth Amendment to the United States Constitution;

    c. refrain from violating Shaifer's rights as secured by the United States Constitution while acting under color of law;

    d. refrain from intentionally, outrageously and recklessly demonstrating a reckless disregard for Shaifer's constitutionally protected rights;

e.  refrain from placing Shaifer under arrest without advising him of his constitutionally protected rights as required by the Fifth Amendment to the United States Constitution;

f.  refrain from making incomplete, misleading and/or false statements in an effort to initiate criminal prosecution against Shaifer; and,

g.  refrain from operating a Police Department that, under color of law, authorized, tolerated, ratified, permitted and/or acquiesced in the creation of policies, practices and customs, including, but not limited to, inadequate training specifically with respect to the rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, which was the moving force behind the individual Defendants' violations of Shaifer's constitutionally protected rights.

29.  Defendants violated Shaifer's constitutionally protected rights, as outlined above, by the following acts and/or omissions while acting under color of law:

a.  wrongfully arresting and detaining Shaifer without probable cause to do so;

b.  placing Shaifer under arrest without advising Shaifer of his rights secured by the Fifth Amendment to the United States Constitution;

c.  making incomplete, misleading and/or false statements to the Wayne County Prosecutor's Office in an effort to portray that probable cause existed for the purpose of initiating criminal charges against Shaifer, when such probable cause did not, in fact, exist;

d. wrongfully creating policies, practices and customs, including a failure to provide adequate training to its police officers, including the individual Defendants, regarding the police department's constitutional obligation to comply with Shaifer's constitutional rights, which was the moving force behind the individual Defendants' violation of Shaifer's constitutional rights; and,

e. other acts and/or omissions which may be learned throughout discovery in this matter.

30. The constitutional rights that were violated by Defendants, as set forth above, were clearly established prior to May 14, 2026.

31. As a direct and proximate result of the Defendants' willful violation of Shaifer's constitutionally protected rights, Shaifer has suffered injuries and damages, including, but not limited to, loss of liberty and freedom, infringement upon his constitutionally protected rights, damage to his reputation, mental and emotional injury, indignity, fright, shock, humiliation, embarrassment, and Post-Traumatic Stress Disorder, as well as economic damages, including, but not limited to, attorney fees, lost wages, and lost business opportunities.

WHEREFORE, Plaintiff, JASON BRENT SHAIFER, prays for such compensatory, exemplary and punitive damages as are available pursuant to federal law, together with an award of pre-judgment interest, costs and attorney fees.

## COUNT II—MALICIOUS PROSECUTION AGAINST
## DEFENDANTS DANIELS AND WALLACE

32.    Plaintiff realleges and incorporates by reference herein the preceding allegations as if fully set forth herein.

33.    Defendants Daniels and Wallace initiated and/or aided in the initiation of criminal prosecution against Plaintiff vexatiously and maliciously when they authored and made statements of fact in a Police Report and Request for Warrant and sought prosecution from the Wayne County Prosecutor.

34.    The criminal prosecution initiated against Plaintiff terminated in Plaintiff's favor.

35.    Defendants Daniels and Wallace lacked probable cause for their actions in initiating and/or aiding in the initiation of criminal prosecution of Plaintiff.

36.    The Wayne County Prosecutor acted in reliance upon statements made by Defendants Daniels and Wallace, without which there would not be a finding of probable cause.

37.    Defendants Daniel's and Wallace's actions and false statements made in an effort to have Plaintiff criminally charged, were made willfully,

wantonly and maliciously and without regard to whether Plaintiff would suffer injury, and therefore are not protected by governmental immunity under Michigan law.

38.     As a direct and proximate result of the Malicious Prosecution of Plaintiff as initiated by Defendants Daniels and Wallace, the Plaintiff has sustained damages, including, but not limited to, severe and permanent physical injury to his arm and body, psychological injury in the form of Post Traumatic Stress Disorder and other emotional distress and mental anguish damages, humiliation, fright and shock, and financial damages, including, but not limited to, medical expenses, loss of income, and loss of business opportunities.

39.     Plaintiff is entitled to exemplary damages.

40.     Pursuant to MCL § 600.2907, Plaintiff is entitled to treble damages and expenses.

WHEREFORE, Plaintiff prays for judgment against Defendants Daniels and Wallace in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees, and which completely and totally compensates Plaintiff for his injuries.

COUNT III—FALSE ARREST AND FALSE IMPRISONMENT

11

AGAINST DEFENDANTS WALLACE, STANLEY AND KLEIN

41.    Plaintiff realleges and incorporates herein by reference the preceding allegations as if fully set forth herein.

42.    Defendants, Wallace, Stanley and Klein, participated in an illegal and/or unjustified arrest and imprisonment of Plaintiff.

43.    The arrest and imprisonment of Plaintiff by Defendants Wallace, Stanley and Klein resulted in an unlawful restraint on Plaintiff's liberty or freedom of movement.

44.    Defendants Wallace, Stanley and Klein arrested Plaintiff with the intention of confining Plaintiff.

45.    Plaintiff was, in fact, confined as a direct and/or indirect result of Defendants Wallace, Stanley and Klein's acts.

46.    Plaintiff was at all times conscious of his confinement.

47.    The arrest and imprisonment of Plaintiff by Defendants Wallace, Stanley and Klein was absent of probable cause.

48.    The arrest and imprisonment of Plaintiff by Defendants Wallace, Stanley and Klein was not done in good faith, and was done without regard to whether injury would result to Plaintiff, and therefore is not subject to governmental immunity under Michigan law.

49.     As a direct and proximate result of the False Arrest and False Imprisonment of Plaintiff by Defendants Wallace, Stanley and Klein, the Plaintiff has sustained damages, including, but not limited to, severe and permanent physical injury to his arm and body, psychological injury in the form of Post Traumatic Stress Disorder and other emotional distress and mental anguish damages, humiliation, fright and shock, and financial damages, including, but not limited to, medical expenses, loss of income, and loss of business opportunities.

WHEREFORE, Plaintiff prays for judgment against Defendants Wallace, Stanley and Klein, in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees, and which completely and totally compensates Plaintiff for his injuries

### COUNT IV—GROSS NEGLIGENCE AS TO DEFENDANTS DANIELS, WALLACE, STANLEY AND KLEIN PURSUANT TO MCL § 691.1407(2)

50.     Plaintiff realleges and incorporates by reference herein the preceding allegations as if fully set forth herein.

51.     At all material times hereto, Defendants Daniels, Wallace, Stanley and Klien owed Plaintiff a duty to act with ordinary care and in accordance

with the training and safety protocols of the Garden City Police Department,

and to comply with Michigan law.

52. Defendants Daniels, Wallace, Stanley and Klein breached their

duties to Plaintiff by acts and/or omissions, including, but not limited to:

    a. Arresting and detaining Plaintiff without probable cause to do so;

    b. Causing felony criminal charges to be filed against Plaintiff with knowledge that such charges were not warranted;

    c. Making false statements to the Wayne County Prosecutor in an effort to and for the purpose of gaining felony criminal charges against Plaintiff; and,

    d. Other breaches of duty which may be learned throughout discovery of this matter.

53. The acts and/or omissions of Defendants Daniels, Wallace, Stanley

and Klien, were so reckless as to demonstrate a substantial lack of concern for

whether Plaintiff would suffer injury and thus constitute Gross Negligence

pursuant to MCL § 691.1407(2).

54. Defendants Daniels, Wallace, Stanley and Klien's gross negligence

was the proximate cause of Plaintiff's injuries.

55. As a direct and proximate result of the Gross Negligence of

Defendants Daniels, Wallace, Stanley and Klein, the Plaintiff has sustained

damages, including, but not limited to, severe and permanent physical injury

to his arm and body, psychological injury in the form of Post Traumatic Stress Disorder and other emotional distress and mental anguish damages, humiliation, fright and shock, and financial damages, including, but not limited to, medical expenses, loss of income, and loss of business opportunities.

WHEREFORE, Plaintiff prays for judgment against Defendants Daniels, Wallace, Stanley and Klein, in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees, and which completely and totally compensates Plaintiff for his injuries

Respectfully submitted,

FLOOD LAW

DATE: August 5, 2026          BY:    /s/Michael D. Weaver
                                     MICHAEL D. WEAVER (P43985)
                                     Attorney for Plaintiff
                                     Flood Law, PLLC
                                     155 West Congress Street, Suite 350
                                     Detroit, MI 48226
                                     (313)546-0359
                                     mweaver@floodlaw.com

15

## **<u>JURY DEMAND</u>**

NOW COMES Plaintiff, JASON BRENT SHAIFER, by and through his attorneys, FLOOD LAW, PLLC, and hereby demands a trial by jury in this matter.

Respectfully submitted,

FLOOD LAW

DATE: August 5, 2026          BY:     /s/Michael D. Weaver
                                      MICHAEL D. WEAVER (P43985)
                                      Attorney for Plaintiff
                                      Flood Law, PLLC
                                      155 West Congress Street, Suite 350
                                      Detroit, MI 48226
                                      (313)546-0359
                                      mweaver@floodlaw.com